# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00265-CR

**James Edward McGruder, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR2004-110, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant James Edward McGruder guilty of unlawfully possessing a firearm. *See* Tex. Pen. Code Ann. § 46.04 (West Supp. 2004-05). The jury assessed punishment, enhanced by two previous felony convictions, at imprisonment for sixty years.

McGruder's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). McGruder also filed a pro se brief raising four points of error.

Points one and two challenge the legal and factual sufficiency of the evidence. The evidence shows that McGruder had an argument over the telephone with Darla Bailey, his girlfriend's mother. Later that afternoon, McGruder, accompanied by his girlfriend, went to Bailey's house so that McGruder could apologize. Unfortunately, the argument resumed and Bailey struck McGruder. In the ensuing fracas, a firearm fell out of the shoulder bag McGruder was carrying. McGruder picked the gun up, then he and the girlfriend left. At trial, McGruder testified that he did not own the gun, did not know it was in the bag until it fell out, and picked it up to prevent it from falling into Bailey's hands.

McGruder's contention that the evidence does not support the conviction is based on a review of the evidence in a light most favorable to the defense. In a legal sufficiency review, however, the evidence is reviewed in the light most favorable to the verdict of guilty. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). Even in a factual sufficiency review, the evidence is viewed neutrally rather than in a light favoring the defense. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could find all the essential elements of the offense beyond a reasonable doubt. *See Griffin*, 614 S.W.2d at 158-59. Viewing the evidence neutrally, we find that the evidence of guilt is not too weak or the contrary evidence too strong to support a finding of guilt beyond a reasonable doubt. *See Zuniga v. State*, 144 S.W.2d 477, 484-85 (Tex. Crim. App. 2004). Pro se points one and two are overruled.

In his third pro se point of error, McGruder contends that his trial counsel was ineffective because he did not request a jury instruction on the necessity defense. *See* Tex. Pen. Code Ann. § 9.22 (West 2003). McGruder argues that this issue was raised by his testimony that he picked up the pistol after it fell from the bag in order to keep it out of Bailey's hands.

McGruder must show that his attorney made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced his defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Nothing in the trial record reveals counsel's trial strategy with regard to the necessity defense. In the absence of such a record, McGruder cannot in this direct appeal overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's perspective at trial. Pro se point of error three is overruled.

Finally, McGruder urges that his appointed counsel on appeal rendered ineffective assistance of counsel because he filed a frivolous appeal brief. We have reviewed the record, counsel's brief, and the pro se brief, however, and we agree with counsel that the appeal is frivolous and without merit. We find that counsel has fully complied with his responsibilities under *Anders*. Pro se point of error four is overruled.

3

Having found nothing in the record that might arguably support the appeal, we affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   December 2, 2004

Do Not Publish

4